**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONGOO, LLC d/b/a ADBLADE<br><br>Plaintiff,<br><br>v.<br><br>REVCONTENT, LLC, et al.,<br><br>Defendants. | Civil Action No. 16-401 (MAS)<br><br><br><br>MEMORANDUM OPINION AND<br>ORDER TO SEAL |

This matter comes before the Court by way of two motions. First is Plaintiff Congoo, LLC's ("Plaintiff") Second Motion to Seal Certain Materials Pursuant to L. Civ. R. 5.3. [Docket Entry No. 42]. Plaintiff seeks to seal Plaintiff's Prehearing Briefs for the District Court's July 7, 2016 evidentiary hearing regarding Plaintiff's Motion for Preliminary Injunction and Defendant, Revcontent, LLC's ("Defendant"), Motion to Dismiss [Docket No. 43]. The Plaintiff argues that the prehearing briefs describe or include portions of materials that have been designated confidential or highly confidential (hereinafter "the Confidential Materials"). Plaintiff moves to seal these Confidential Materials because they contain business information that the parties have designated confidential or highly confidential pursuant to the terms of a protective order that is being discussed between the parties, but has not yet been entered due to the parties' negotiation of disputes regarding certain terms that do not relate to the confidentiality of the materials at issue here. The motion is unopposed and no interested party has moved to intervene with respect to this Motion as permitted by L. Civ. R. 5.3(c)(4).

Second is Defendant's Motion to Seal Certain Materials Pursuant to L. Civ. R. 5.3. [Docket Entry No. 46]. Defendant seeks to seal Defendant's Prehearing Briefs for the District

1

Court's July 7, 2016 evidentiary hearing regarding Plaintiff's Motion for Preliminary Injunction and its Motion to Dismiss [Docket No. 40].  Defendant argues that information contained in its Prehearing Briefs are confidential or highly confidential (hereinafter "the Confidential Materials") and moves to seal these Confidential Materials because they contain business information. Defendant likewise incorporates the Plaintiff's arguments contained in its Motion to Seal, in support of Defendant's Motion to Seal. The motion is similarly unopposed and no interested party has moved to intervene with respect to this Motion as permitted by L. Civ. R. 5.3(c)(4).

As the Defendant has incorporated the Plaintiff's arguments in support of why the Confidential Materials to be sealed meet the sealing requirements set forth in L. Civ. R. 5.3(c), the Court will only address Plaintiff's moving papers.  [Docket Entry No. 46-1 at 4].  Plaintiff argues that the Prehearing Briefs should be sealed due to the fact that it contains both Plaintiff's and Defendant's confidential business information, related to interactions with their Advertiser and Publisher clients, as well as internal financial business information and internal details of the parties' respective businesses.  [Docket Entry No. 42-1 at 4].  Should this information be left unsealed, Plaintiff argues, it could allow public insight into the business and operations of Plaintiff and/or Defendant and would case same commercial harm, and give competitors an unfair advantage.  [*Id.*].  Plaintiff finally states that the sealing of the un-redacted versions of the brief, and publishing the redacted version would be the least restrictive means of sealing said Confidential Materials.  [*Id.*].

There exists a widely recognized "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  However, while this translates to "a presumptive right of access to pretrial motions of a non-discovery nature,

whether preliminary or dispositive, and the material filed in connection therewith," (*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)) the right of public access is "not absolute" and must be weighed against the litigants' interests in secrecy.  *Id.* at 165.  Under L.Civ.R. 5.3(c)(2) a party seeking an Order to Seal must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

The Court finds that the parties have adequately described the nature of the materials at issue, the legitimate private and public interests which warrant the entry of an Order sealing the confidential materials, the clearly defined and serious injury that would result if the relief sought is not granted, and why a less restrictive alternative to the relief sought is not available.  This Court has previously granted motions to seal where the underlying information is substantially similar to that in question here.  *See Goldenberg v. Indel*, 2012 U.S. Dist. LEXIS 479 (D.N.J. Jan. 3, 2012) (sealing "confidential business information including sensitive financial information"); *Bed Bath & Beyond v. Sears Brands*, 2012 U.S. Dist. LEXIS 92307 (D.N.J. Aug. 18, 2011)(sealing "highly sensitive commercial and proprietary information").  This information is properly sealed where it could "injure a party's standing in the competitive marketplace." *Goldenberg*, 2012 U.S. Dist. LEXIS, at *9 (citing *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981).  The Court finds that the Plaintiff's and Defendant's Prehearing Briefs and underlying Confidential Materials falls under the umbrella of proprietary information and should sealed.  Thus, having considered this matter pursuant to L. Civ. R. 78.1(b), and for good cause shown,

IT IS on this 13th day of July, 2016,

ORDERED that Plaintiff's Motion to Seal is GRANTED; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 42] accordingly; and it is further

ORDERED that Defendant's Motion to Seal is GRANTED; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 46] accordingly.

_____s/   Tonianne J. Bongiovanni_____
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**