**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

January 3, 2017

**<u>LETTER ORDER</u>**

Re:   <u>Congoo, LLC v. Revcontent LLC et al</u>
      Civil Action No. 16-0401 (MAS)

Dear Counsel:

Pending before the Court is a motion to seal preliminary injunction hearing transcripts filed by Plaintiff Congoo, LLC d/b/a Adblade ("Plaintiff") (Docket Entry No. 81), which the Court considers without oral argument pursuant to FED.R.CIV.P. 78. Through this motion, Plaintiff seeks to seal certain information contained in the preliminary hearing transcripts that occurred on July 7, 2016, July 8, 2016 and July 19, 2016 ("Transcripts"). Defendant Revcontent, LLC ("Defendant") does not oppose Plaintiff's motion.

Given the fact that the information Plaintiff seeks to protect is found in transcripts, Plaintiff's motion is stylized as a motion to redact. Pursuant to L.Civ.R. 5.3(g)(2), a motion to redact and seal any part or all of a transcript/digital recording shall satisfy the standards for sealing set forth in L.Civ.R. 5.3(c).

Pursuant to L.Civ.R. 5.3(c)(2), a party seeking an Order to seal must describe:

  (a)   the nature of the materials or proceedings at issue,
  (b)   the legitimate private or public interests which warrant the relief sought,

      (c)    the clearly defined and serious injury that would result if the relief sought is not granted, and

      (d)    why a less restrictive alternative to the relief sought is not available.

Unless all four prongs are met, the "common law public right of access to judicial proceedings and records" prevails. *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

Plaintiff states that the information it seeks to redact includes detailed discussions of Plaintiff's confidential business practices and financial conditions. (Pl.'s Br. in Supp. of Mot. at 2). Plaintiff argues that since the information it seeks to redact is a small part of the overall transcripts the public would not be harmed by the redaction of Plaintiff's confidential information, while Plaintiff would be "competitively damaged as a result of its sensitive business information being publicly disclosed." (Id. at 3). Plaintiff states that "[t]he disclosure of these matters would provide competitors, business partners, contractors, and employees an unfair advantage in negotiations with [Plaintiff] and would thereby harm [Plaintiff's] business." (Id. at 4). Plaintiff notes that the redactions are narrowly tailored to the most sensitive information and that "the majority of the transcripts, which include the salient evidence, would remain unredacted and available to the public." (Id.)

The Court finds that Plaintiff has satisfied the sealing provisions set forth in L.Civ.R. 5.3(c). The Court finds that Plaintiff has a legitimate interest in protecting its confidential business practices and financial conditions. In addition, the Court finds that public disclosure of Plaintiff's confidential business information would cause a clearly defined and serious injury against Plaintiff. Finally, the Court finds that Plaintiff's narrow request to seal only those portions of the transcripts that disclose its confidential business information represents the least restrictive alternative.

For the foregoing reasons, Plaintiff's motion to redact the Transcripts is GRANTED.

      **IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THE AFOREMENTIONED MOTION [DOCKET ENTRY NO. 81] ACCORDINGLY.**


    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**