NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONGOO, LLC, doing business as ADBLADE,<br><br>Plaintiff,<br><br>v.<br><br>REVCONTENT LLC, et al.,<br><br>Defendants. | Civil Action No. 16-401 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Congoo, LLC's ("Plaintiff") Motion to Enter a Certification for a Stipulated Order and Final Judgment pursuant to Rule 54(b). (ECF No. 122.) Defendants Revcontent LLC and John Daniel Lemp ("Defendants") filed a response in which they take no position as to Plaintiff's assertions and do not object to the relief Plaintiff seeks. (ECF No. 124.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Enter a Certification for a Stipulated Order and Final Judgment pursuant to Rule 54(b) is denied.

**I.      Background**

The Court writes solely for the parties and recites the facts only as necessary to consider the instant motion. On January 22, 2016, Plaintiff filed its Complaint asserting four claims: (i) False Advertising under Section 43(a) of 15 U.S.C. § 1125(a) ("Lanham Act"); (ii) Common-Law Unfair Competition; (iii) New Jersey Consumer Fraud N.J.S.A. 56:8-1 *et. seq.*;

and (iv) Tortious Interference with Contractual and Business Relationships. (Compl. ¶ 1, ECF No. 1.) Defendants moved to dismiss (Mot. Dismiss, ECF No. 19), the Court denied the motion (Order, ECF No. 28), and on May 13, 2016, Defendants answered the Complaint, and filed counterclaims against Plaintiff for the same four causes of action (Defs.' Answer, ECF No. 35). On May 12, 2017, Defendants moved for partial summary judgment on Plaintiff's Lanham Act and Common Law Unfair Competition claims relating to consumer products (Defs.' Partial Mot. Summ. J., ECF No. 98) and, on November 3, 2017, the Court granted Defendants' Motion (Mem. Op. and Order, ECF Nos. 117, 118).

Thereafter, the parties drafted a document entitled "Stipulated Order and Final Judgment," which the Court subsequently entered on November 9, 2017 ("Stipulated Order"). (Stipulated Order, ECF No. 119.) The Stipulated Order "dismissed without prejudice" Plaintiff's remaining claims and Defendants' counterclaims (*id.* ¶¶ 5(a), 5(b)), but stated that if the Third Circuit or Supreme Court reverses the District Court's partial summary judgment decision and remands the case, the dismissed claims would be revived as originally filed. (*Id.* ¶ 7.) The Stipulated Order further claimed to be a "final appealable judgment." (*Id.* ¶ 10.)

On December 8, 2017, Plaintiff attempted to appeal the Court's grant of Partial Summary Judgment to the Third Circuit. (Pl.'s Notice Appeal, ECF No. 120.) On December 12, 2017, the Third Circuit questioned whether the appellate court had jurisdiction, noting that the order may not be final and was not certified for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b). (Dec. 12, 2017 Order, ECF No. 122-1.) The Third Circuit requested that the parties file written responses addressing its authority to consider the appeal. (*Id.*) To the Court's knowledge, the parties did not make such submission to the Third Circuit. Instead, Plaintiff then filed the instant motion on December 20, 2017. (Pl.'s Mot. Enter Certification, ECF No. 122.)

## II.    Legal Standard

The United States Courts of Appeal have jurisdiction pursuant to 28 U.S.C. § 1291 to hear appeals of all final decisions made by federal district courts. 28 U.S.C. § 1291 (2018). "Generally, an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291." *Elliot v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 431-32 (1956); *Carter v. City of Phila.*, 181 F.3d 339, 343 (3d Cir. 1999)). A district court, however, "may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." *Id.*

Rule 54(b) allows a district court to direct entry of a final judgment as to one or more, but fewer than all, claims only if the court expressly determines that there is no just reason for delay; it "does not apply to a single claim action." *Allegheny Cty. Sanitary Auth. v. U.S. EPA*, 732 F.2d 1167, 1172 (3d Cir. 1984) (citing *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976)); Fed. R. Civ. P. 54(b). The rule is used to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 U.S. 360, 363 (1975). It is the exception to the doctrine of finality, and not the rule. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 9 (1980) (noting that a Rule 54(b) certification was intended to be a remedy in the "infrequent harsh case"); *Elliot*, 682 F.3d at 220.

The Court employs a two-prong test to determine whether a Rule 54(b) Motion for Certification should be granted. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 999 (D.N.J. 1996). The first prong requires the trial court to determine whether the adjudicated claim(s) can be

3

considered a final judgment "in the sense that it is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 446 U.S. at 7 (citing *Sears, Roebuck & Co.*, 351 U.S. at 436). Second, a court must determine if "there is any just reason for delay" and consider judicial administrative interests and the equities involved. *Elliot*, 682 F.3d at 220 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

### III. Discussion

#### A. The Parties' Positions

Plaintiff states that both parties agreed to the Stipulated Order with the understanding that it was a final, appealable judgment, as evinced by its language. (Pl.'s Mo. Enter Certification, Ex. B ¶ 2, ECF No. 122-2.)[1] Plaintiff then sets forth the reasons the Court should find that there is "no just reason for delay" based on factors laid out by the Third Circuit in *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 U.S. 360 (1975) and issue a Rule 54(b) certification. (*Id.* ¶¶ 5-12.) Plaintiff cites the lack of overlap between the adjudicated and unadjudicated claims, the absence of a possible set-off by the unadjudicated claims, and the avoidance of judicial waste. (*Id.* ¶¶ 7, 10, 11.) In their response, Defendants take no position as to Plaintiff's assertions but do not object to the relief Plaintiff seeks. (Defs.' Resp. Pl.'s Mot., ECF No. 124.)

#### B. Analysis

While Plaintiff relies on the five factors in *Allis-Chalmers Corp.* to support its argument that the Motion for Certification should be granted (Pl.'s Mot. Enter Certification Ex. B ¶¶ 3-7), Plaintiff fails to address the first prong's finality requirement. *See id.* Plaintiff states that "the parties entered into a stipulation that was subsequently ordered by the Court as a Final Judgment."

---

[1] Plaintiff submitted a proposed order and states its positions within the text, in lieu of submitting a memorandum in support of its motion.

4

(*Id.* ¶ 2.) Paragraph 10 of the Stipulated Order states that "[t]he above entry of final judgment resolves all claims and counterclaims asserted in this matter by any party" and that it "is a final, appealable judgment." (Stipulated Order ¶ 10.)

The Court acknowledges Paragraph 10 of the Stipulated Order; however, for the purposes of Rule 54(b), finality is defined by the requirements of 28 U.S.C. § 1291 and has been interpreted by the Supreme Court as ending "the litigation on the merits and leaving nothing for the court to do but execute the judgment." *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)). While the Court did enter the Stipulated Order, it did not draft, advise, or make a legal conclusion about the import of the language and notes that the Stipulated Order was entered into prior to and separate from Plaintiff's motion for a Rule 54(b) certification. It is not within the Court's power to "treat as final that which is not final within the meaning of § 1291." *Sears, Roebuck & Co.*, 351 U.S. at 437. This language, on its face, is therefore, not dispositive. The Stipulated Order provides that in the event of reversal on appeal, the claims and counterclaims would be renewed. This "dismissal" is, therefore, not a dismissal at all, but more akin to a stay. Plaintiff does not cite any examples of this novel approach or explain why this order is final, given the uncertain disposition of the claims at issue.

The Court is unconvinced that the matter is ready for appeal. Policy and precedent weigh against piecemeal appeals regardless of "whatever exigencies the case at hand may present." *Panichella v. Pa. R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958). "[Rule] 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only in the *infrequent harsh case* as an instrument for the improved administration of justice." *Id.* at 455 (emphasis added). The Court is ultimately not

persuaded that the parties have presented such an infrequent harsh case to warrant an order pursuant to Rule 54(b). Finally, the Court notes that granting a Rule 54(b) order in this case may lead parties in other actions to use the rule as a strategic litigation device and enter into similarly structured orders—an unintended effect and inconsistent with the Rule's intention. Plaintiff, therefore, has not carried its burden to demonstrate that the Court should issue a Rule 54(b) certification.[2]

## IV. Conclusion

Accordingly, Plaintiff's Motion to Enter a Certification for a Stipulated Order and Final Judgment pursuant to Rule 54(b) is DENIED. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated**: July 27, 2018

---

[2] The Court notes that the Third Circuit's order requested an explanation as to why it had jurisdiction to hear the appeal. The Court's decision here opines only as to the propriety of a Rule 54(b) certification and does not address what the Court of Appeals may find sufficient to establish jurisdiction.